**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **TRACY NIXON, #06079618,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:06-CV-1787-G |
| ) | ECF |
| **301ST JUDICIAL DISTRICT COURT,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2241, *et seq.*, by a county inmate imprisoned for failure to pay child support. *See* Petitioner's Nov. 21, 2006 letter and attached print-out listing offense for which Petitioner is confined.[1]

Parties: Petitioner is presently incarcerated at the Dallas County Jail in Dallas, Texas. Named as Respondent is the 301st Judicial District Court of Dallas County, Texas.

The Court did not issue process in this case, pending preliminary screening. On November 2, 2006, the Court issued a questionnaire to Petitioner, who filed his answers on

---

[1] A person incarcerated for civil contempt is "in custody" for purposes of invoking habeas jurisdiction under 28 U.S.C. § 2241. *See Fernos-Lopez v. Figarella Lopez*, 929 F.2d 20, 23 (1st Cir. 1991); *see also Leonard v. Hammond*, 804 F.2d 838, 840 (4th Cir. 1986) (indigents, imprisoned for civil contempt for failure to pay child support, could challenge constitutionality of confinement in habeas corpus action); *Ridgway v. Baker*, 720 F.2d 1409 (5th Cir. 1983) (habeas granted to civil contemnor imprisoned for nonsupport).

November 9, 2006.

Statement of the Case: In his federal habeas petition, Petitioner challenges his confinement as a result of a contempt proceeding stemming from a 1995 order enforcing child support obligation in the 301st Judicial District Court of Dallas County, Texas, in cause number 90-16249-T. (Answer to Question 1). He states that on September 25, 2006, the trial court found him in contempt of court and ordered him confined for 180-days in the Dallas County Jail. (*Id.*). He concedes, however, that the trial court has yet to provide him with a copy of the "commitment order, or judgment." (*Id.*). He, thus, "assume[s] that he is confined by virtue of a[n] oral order of the trial court." (*Id.*). He explains that he was arrested and transferred to the Dallas County Jail immediately following the contempt hearing. (*Id.*).

Prior to submitting this action, Petitioner filed an original writ of habeas corpus in the Fifth District Court of Appeals, seeking release from his "unlawful confinement." (Answer to Question 2). The Court of Appeals denied the habeas petition because Petitioner had failed to comply with the requirements for filing a petition for writ of habeas corpus pursuant to Tex. R. App. P. 52.3, which requires a certified or sworn copy of the order complained of, as well as proof that the petitioner is being restrained as a result of the order complained of. *In re Tracy Nixon*, No. 05-06-1380-CV (Tex. App. -- Dallas, Oct. 23, 2006) (attached to Petitioner's answers to the questionnaire).

Findings and Conclusions: Before reaching the merits of Petitioner's claims, the Court must determine whether he has exhausted his state court remedies. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (holding that federal courts may require that petitioners under § 2241 exhaust state habeas relief before seeking federal habeas review). In order to exhaust

2

state remedies, a petitioner must present all of his claims to the highest state court for review. *Ridgway v. Baker*, 720 F.2d 1409, 1412-13 (5th Cir. 1983) (nonsupport contempt action).

In Texas, the only method to challenge a contempt order (if the contemnor is confined and the matter stems from a civil law matter) is through an original habeas corpus proceeding in the Texas Supreme Court and intermediate courts of appeals. *See* Tex. R. App. P. 52; *Ex parte Acker*, 949 S.W.2d 314, 316 (Tex. 1997) (civil and criminal contempt order presented to the Texas Supreme Court in an original habeas corpus proceeding); *Ex parte Rojo*, 925 S.W.2d 654, 655 (Tex. 1996) (per curiam) (same); *Ex parte Barnett*, 600 S.W.2d 252, 253 (Tex. 1980) (same). The Texas Supreme Court has jurisdiction to issue writs of habeas corpus in civil matters pursuant to Texas Constitution Art. V, § 3 and Texas Government Code § 22.002(e) (Vernon Supp. 2006) (formerly Tex. Rev. Civ. Stat. Ann. art. 1737). Concurrently with the Texas Supreme Court, the Texas intermediate appellate courts have jurisdiction to issue such writs in cases related to divorce, spouse or child support, or child custody as prescribed by Texas Government Code § 22.221(d) (Vernon Supp. 2006) (formerly Tex. Rev. Civ. Stat. Ann. art. 1824a).[2]

---

[2] The courts of appeals were given habeas corpus jurisdiction in 1969 in order to relieve the Texas Supreme Court of the vast workload associated with writs of habeas corpus arising out of divorce and family matters. *Ex parte Dillard*, 577 S.W.2d 519, 521 (Tex. Civ. App. – Texarkana 1979, no writ). Ordinarily, the Texas Supreme Court will refuse to entertain writs of habeas corpus in Family Code matters unless the court of appeals' concurrent jurisdiction has been unsuccessfully sought. *Id.*

In addition to its appellate jurisdiction, the Texas Court of Criminal Appeals has original jurisdiction to entertain applications for writ of habeas corpus in both civil and criminal law matters. *See* Tex. Const. Art. V, § 5; *Ex parte Moorehouse*, 614 S.W.2d 450, 451 (Tex. Crim. App. 1981). Pursuant to its discretion, however, the Court of Criminal Appeals has declined to issue writs in cases arising out of civil matters where writ relief might also be sought from the Texas Supreme Court. *Ex parte Wolf*, 34 S.W.2d 277, 279 (Tex. Crim. App. 1930) (opinion on motion for rehearing). *Accord Ex parte Cvengros*, 384 S.W.2d 881, 882 (Tex. Crim. App. 1964); *Moneyhun v. State*, 140 S.W.2d 448, 449 (Tex. Crim. App. 1940); *Ex parte Sauser*, 554

While Petitioner filed a habeas corpus petition in the Fifth District Court of Appeals, he failed to comply with the requirements for filing a habeas petition pursuant to Tex. R. App. P. 52.3, 52.3(j)(1)(A), and 52.3(j)(1)(D), and his petition was denied on procedural grounds without addressing the merits. *In re Tracy Nixon*, No. 05-06-1380-CV (Tex. App. -- Dallas, Oct. 23, 2006). Accordingly, his federal petition remains unexhausted.

RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court DISMISS the petition for writ of habeas corpus without prejudice for failure to exhaust state court remedies.

A copy of this recommendation will be mailed to Petitioner.

Signed this 5th day of December, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and

---

S.W.2d 239, 240 (Tex. Civ App. – Dallas 1977, no writ).

While the above cases refer to the Texas Courts of Civil Appeals, which were abolished effective September 1, 1981, they have the same effect with respect to the current intermediate courts of appeals, which have both civil and criminal jurisdiction in all cases except for death penalty capital cases.

conclusions of law accepted by the district court.